808 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wayne R. SCOTT, Plaintiff-Appellant,
v.
COMMONWEALTH OF VIRGINIA, Defendant-Appellee.
 No. 86-3087.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 31, 1986.
Decided Dec. 16, 1986.
 
 Before PHILLIPS, SPROUSE and ERVIN, Circuit Judges.
 Wayne R. Scott, appellant pro se.
 Michael Eugene Ornoff, Office of the Attorney General, for appellee.
 PER CURIAM:
 
 
 1
 Wayne Scott worked as a temporary painter for the Commonwealth of Virginia Department of General Services. He applied for a permanent job as a painter with the Commonwealth, but he was not interviewed and did not receive the permanent position. Scott filed this suit pursuant to 42 U.S.C. Sec. 2000e alleging that he was denied the job on the basis of race.
 
 
 2
 After hearing the evidence, the magistrate credited the testimony presented by the defendants over Scott's testimony and concluded that there was no credible evidence directly establishing an intent to discriminate. The magistrate also concluded that Scott had failed to prove a prima facie case under McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). Scott established that (1) he is black, (2) he was minimally qualified for the position and (3) a white person was offered the job. However, Scott did not prove that he was better qualified than Lockhart, who was hired. Gairola v. Virginia, 753 F.2d 1281, 1287 (4th Cir.1985).
 
 
 3
 Scott had some experience in residential painting, but how much experience was unclear, due to inaccuracies in his resume. Although Lockhart's resume generally reflected experience in industrial painting, it appears he also exhibited much greater job stability than Scott. That is a permissible, nondiscriminatory reason for not hiring Scott. In addition, Otis Mitchell, Scott's supervisor, testified that Scott had difficulties in following directions and submitting to supervision. Scott had been caught soliciting painting jobs while working for the Commonwealth, in violation of regulations. Even assuming the establishment of a prima facie case, those factors are certainly sufficient to find a non-pretextual reason for refusing to hire Scott on a permanent basis.
 
 
 4
 As the magistrate's factual findings are not clearly erroneous, Gairola, supra, at 1288, and finding no error in the magistrate's application of the law to the facts found, we affirm the judgment below. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 5
 AFFIRMED.